IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**FERNANDO YBARRA,**            CASE NO. 3:21 CV 1044

    Plaintiff,

    v.                                   JUDGE JAMES R. KNEPP II

**I.C. SYSTEM, INC.,**

    Defendant.                   **MEMORANDUM OPINION AND ORDER**

### INTRODUCTION

*Pro se* Plaintiff Fernando Ybarra originally brought this case in Norwalk Municipal Court. *See* Doc. 1-1. Defendant IC System, Inc. removed the case to this Court on the basis of federal question jurisdiction citing the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* (Doc. 1), and then filed the currently-pending Motion to Dismiss and/or Motion for More Definitive Statement (Doc. 3). For the reasons set forth below, the Court denies Defendant's motion without prejudice and grants Plaintiff leave to file an amended complaint.

### BACKGROUND

Plaintiff's Complaint, a small claims action originally filed in Norwalk Municipal Court, is brief and says, in its entirety:

> On 04/04/2021 I received a notice that I.C. System, Inc a collection company reported to the credit bureau they were trying to collect money owed on a residential account on behalf of Spectrum. This action was taken without any notice sent to me regarding the account. This action caused the credit bureaus to lower my individual credit score. I did not receive any opportunity to defend myself before I.C. System, Inc reported me to the credit bureau. I.C. System, Inc personnel did not cooperate with my request to find out why this action was taken. I.C. System, Inc has caused financial delays with my current banks

>affecting the ability to obtain loans. Their actions and unwillingness to cooperate to correct this problem is absolutely irresponsible.

(Doc. 1-1, at 3). He sought a judgment of $6,000. *Id.* at 2.

Defendant interprets Plaintiff's claims as potentially raising claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, and/or the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.* (Doc. 1). On this basis, Defendant removed the case from the Norwalk Municipal Court to this federal court. *See id.* Thereafter, Defendant filed the currently-pending Motion to Dismiss or for a More Definite Statement. (Doc. 3).

### STANDARD OF REVIEW

When deciding a motion to dismiss under Federal Civil Rule 12(b)(6), the Court tests the complaint's legal sufficiency. The Court is required to accept the allegations stated in the complaint as true, while viewing the complaint in a light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976).

Although a complaint need not contain "detailed factual allegations," it requires more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, a complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). And "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949); *see also* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

Further, Federal Civil Rule 12(e) provides "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Such a motion "must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e).

## DISCUSSION

Defendant moves to dismiss, or in the alternative, for a more definite statement. *See* Doc. 3, at 5-6. It asserts it "believes that Plaintiff may be attempting to allege a claim under the FDCPA and/or the FCRA, based on past litigation involving similar claims regarding credit reporting and the industry in which ICS operates" but that it "is entirely unsure what Plaintiff is alleging that ICS did wrong". *Id.* at 5.

Plaintiff is proceeding *pro se*, and "pleadings submitted *pro se* will be accorded a measure of leniency to assure that meritorious claims will not be dismissed for inartful draftmanship." *Wolfel v. United States*, 711 F.2d 66, 67 (6th Cir. 1983) (citing *Haines v. Kerner*, 404 U.S. 519 (1972)). To meet the minimum basic pleading requirements, the Complaint must give Defendants fair notice of what Plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). As Defendant acknowledges, Plaintiff – who filed his initial pleading in small claims court – likely "did not expect himself to be haled into federal court on this matter." (Doc. 3, at 6). Further, Defendant – both in its Notice of Removal, and its presently-pending motion – interprets Plaintiff's claims as potentially implicating the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, and/or the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.* Plaintiff has not responded to the pending motion.

3

Given the sequence of events in this case, and in particular, that Plaintiff did not anticipate at the time of filing the Complaint that he would be litigating in federal court, the Court finds it appropriate to provide Plaintiff an opportunity to amend his Complaint, and to address Defendant's arguments.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendants' Motion to Dismiss or for a More Definite Statement (Doc. 3) is DENIED without prejudice; and it is

FURTHER ORDERED that Plaintiff shall file an Amended Complaint on or before **November 19, 2021**. Failure to do so will result in this case being dismissed for want of prosecution. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962).

 s/ *James R. Knepp II*  
UNITED STATES DISTRICT JUDGE